[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Statewide Grievance Committee has filed the present motion seeking a determination as to whether the respondent, Robert A. Hochberg, has violated this court's July 12, 1999 suspension order. As a result of information anonymously forwarded to this court in October, 1999, this court held hearings and requested an investigation to determine whether Mr. Hochberg had, as alleged, practiced law or had held himself as authorized to practice law in Connecticut.
At the most recent hearing on July 12, 2000, Mr. Hochberg testified that after being suspended, he has acted only as a business manager for his law firm.[1] The evidence indicated that on two occasions at the Philadelphia office Mr. Hochberg sent letters on firm letterhead, which included his name as a member of the firm, to other attorneys concerning business arrangements for certain files. It is also clear that he signed, as a partner, three Pennsylvania leasing and banking documents for his firm. This court also received evidence concerning the ordering of certain stationary and the purchase of business cards which indicated his position to be a managing partner.
Mr. Hochberg argued that the subject allegations and the documents forwarded to this court and offered into evidence were orchestrated by a former partner with whom he is now in litigation. Indeed, the Committee's first witness is still in the employ of that former partner. Notwithstanding that argument and that evidence, his use of the letterhead and signing the business documents, is surely a technical violation of this court's order. The evidence was not as clear as to the ordering of stationary and the business cards. In fact a close review of a copy of one business card reveals the presence of different type. Thus, other than the letterhead problem, there was surely no evidence that Mr. Hochberg practiced law or held himself as authorized to practice law in Connecticut.
The issue for this court is whether it should impose additional disciplinary measures for these violations. There is no question that Mr. Hochberg has been careless; he should have reviewed the letterhead and he should not have signed the lease as a partner. Nevertheless, this court does not believe that these actions warrant additional sanctions to this court's suspension order of three years. Accordingly, this court declines to take further action.
Berger, J.